FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR -9 PM 3: 44

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SHAMIKA JAMES,

    Plaintiff,

v.      CASE NO. CV507-17

CSX TRANSPORTATION, INC.,

    Defendant.

## O R D E R

Before the Court is Plaintiff Shamika James's Motion to Remand to State Court. (Doc. 3.) After careful consideration and for the following reasons, the Motion is **GRANTED** and this case is **REMANDED** to the Superior Court of Coffee County.

### BACKGROUND

Plaintiff and her minor children reside in a subdivision that is bounded on the northeast by the right-of-way and railroad tracks of Defendant CSX Transportation, Inc. ("CSXT"). The only vehicular access to the subdivision is across a "long-established grade crossing" to a county road called Sunshine Loop. Until recently, CSXT operated a single track, such that the crossing was only blocked while a train was passing. Plaintiff alleges that CSXT has recently constructed a "sidetrack" across the

grade crossing and has begun parking its trains in a way that blocks access to her residence for long periods of time.

On January 31, 2007, Plaintiff filed suit in the Superior Court of Coffee County alleging tortious interference with her easement rights and creation of a continuing nuisance. The Complaint seeks injunctive relief and damages, both general and punitive, of "less than $75,000." On February 7, 2007, CSXT removed the case to this Court on the basis of diversity of citizenship. Plaintiff now seeks to have this case remanded on the grounds that this dispute does not involve the requisite jurisdictional amount of more than $75,000.

Plaintiff does not own the residence and property where she lives. Instead, she lives with her parents, Elton and Delores James, who own two lots and two mobile homes in the subdivision. Elton and Delores James, along with all other property owners in the subdivision, are parties in similar litigation currently pending in this Court regarding CSXT's sidetrack. CSXT v. Roberson et al., CV507-08; Clement v. CSXT, CV506-104. Plaintiff's attorney, Ben Mills, who represents most of the property owners and affected residents in the subdivision, has presented demands for settlement on behalf of individual

landowners in amounts ranging from $135,000 to $330,000. Specifically, Plaintiff's counsel has made a demand of $135,000 for settlement of the combined claims of Elton James, Delores James, and Plaintiff Shamika James.

**ANALYSIS**

I. Standard of Review

Federal courts are courts of limited jurisdiction and may only hear cases which they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). For a case originally filed in state court, a defendant may remove the matter to federal court only if the federal court has jurisdiction. 28 U.S.C. § 1441(a). "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still master of his own claim." See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Consistent with this traditional concept, a defendant seeking removal bears the burden of proving the existence of federal jurisdiction. See e.g., Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

When a defendant seeks removal on the basis of diversity jurisdiction, he must demonstrate that the parties are diverse and that the amount in controversy

3

exceeds $75,000, exclusive of fees and costs. See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). In a typical case where a plaintiff claims no specific amount of damages in her state court complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Burns, 31 F.3d at 1094.

However, in those cases where a plaintiff specifically claims an amount of damages less than the jurisdictional threshold, a "defendant must prove to a legal certainty that the plaintiff's claim must exceed [$75,000]." Id. at 1095. At least two rationales support this heavy burden. First, when a plaintiff specifically claims an amount lower than the jurisdictional requirement, jurisdiction cannot be based on the face of the complaint. Id. This is especially important because the "[j]urisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." Id. at 1097 n.13. Second, a "plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." Id. at 1095. This regard for the plaintiff's specific claim is buttressed by the attorney's ethical duty of candor and honesty with the Court. Id.

4

The Eleventh Circuit has called the legal certainty standard a "heavy" burden and a "strict standard." Id. at 1095-96. In Burns, the court expounded upon the legal certainty standard in the following manner:

> Adopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]. The standard is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue.

Id. at 1096 (internal citations omitted). In order to carry this burden, defendants often rely upon expert testimony or upon comparisons of damages awards in similar cases. See e.g., Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (looking to cases involving similar allegations); Jackson v. Am. Bankers Ins. Co. of Fla., 976 F. Supp. 1450, 1452 (S.D. Ala. 1997)(relying upon expert testimony regarding awards in similar cases). Evidence of a settlement offer may be considered but is not determinative of the amount in controversy. Burns, 31 F.3d at 1097. Furthermore, some courts have required defendants to make an additional showing that the offer reflects an honest assessment of the case's value. See Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1364-65 (M.D.

5

Fla. 1998)(finding jurisdictional amount not met where plaintiff had made settlement offer in excess of $75,000).

Because the jurisdiction of federal courts is limited, the Court of Appeals for the Eleventh Circuit favors remand of cases that have been removed where federal jurisdiction is not absolutely clear. Burns, 31 F.3d at 1095. Indeed, courts in this circuit must strictly construe removal statutes and resolve any doubts regarding the existence of federal jurisdiction in favor of remand. Diaz, 85 F.3d at 1505.

II. Plaintiff's claim

In the instant case, CSXT maintains that it can establish to a "legal certainty" that the amount in controversy exceeds $75,000, even though Plaintiff's Complaint prays for damages of "less than $75,000." See Pease, 6 F. Supp. 2d at 1356-57 (finding that amount in controversy exceeded $75,000 even though the complaint specifically prayed for "less than $75,000"). CSXT asks the Court to consider the settlement offers made in related cases as evidence of the amount in controversy. It also emphasizes that Plaintiff seeks punitive damages and urges the Court to retain jurisdiction in the interest of judicial economy.

CSXT, however, has failed to meet its burden of establishing the jurisdictional amount to a legal certainty. Although Plaintiff's counsel has made settlement demands of $135,000 to CSXT in cases involving similar issues of law and fact, those demands were on behalf of parties who owned property in the subdivision and made claims for diminution of their property values. Plaintiff in this case owns no property, and is seeking damages only for interference with the right of access to her home. Although a $135,000 demand for settlement was made jointly on behalf of Plaintiff and her parents, the parents own the affected property. Therefore, the value of their claims would comprise the bulk of this amount. And the mere existence of a claim for punitive damages is insufficient, in this context, to establish the jurisdictional amount to a legal certainty.

CSXT's argument regarding judicial economy is also unavailing. Although the Court agrees that the interest of judicial economy would be served by considering this case together with other similar claims, the Court cannot assert subject matter jurisdiction on this basis. Indeed, even where two actions are consolidated, the Court must determine presence or absence of diversity jurisdiction by analyzing each case separately. See Cella v. Togum

7

*Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3rd Cir. 1999); <u>Webb v. Just in Time, Inc.</u>, 769 F. Supp. 993, 996 (E.D. Mich. 1991). Consolidation does not merge separate lawsuits into a single action and it does not make parties in one suit parties in another. See <u>Johnson v. Manhattan Ry.</u>, 289 U.S. 479, 496-97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933). There must be separate jurisdictional bases for each action prior to any consolidation, and any case lacking a separate jurisdictional basis must be remanded. <u>Id.</u> Even though this case is closely related to other cases that meet the jurisdictional requirements, and even though this case presents similar issues of law and fact, it must be remanded because it does not independently meet the jurisdictional amount. See <u>Campbell v. City of Atlanta</u>, 277 F. Supp. 395 (D. Ga. 1967)(when husband brought action in federal court for injury sustained when bridge collapsed, wife who brought action in state court for loss of consortium and did not allege jurisdictional amount for federal court was entitled to have case remanded to state court, and consolidation could not be compelled).

Accordingly, Plaintiff's Motion to Remand to State Court is **GRANTED** and this case is **REMANDED** to the Superior Court of Coffee County. The Court **DIRECTS** the Clerk to

**CLOSE** this case and to mail a certified copy of this Order of Remand to the Clerk of the Superior Court of Coffee County. The parties' requests for hearing on the motion to remand (Docs. 6 & 8) are **DENIED**.

SO ORDERED this 9th day of April, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA